ORIGINAL

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 1 0 2012 ★ Page 2
BROOKLYN OFFICE

12- 0791

MAUSKOPF, J.

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District | Eastern |
|---|---|---|
| Name (under which you were convicted): Kenneth Windley | | Docket or Case No.: Ind No 1360/06 |
| Place of Confinement: Green Haven Correctional Facility | | Prisoner No.: 07A1876 |
| Petitioner (include the name under which you were convicted) Kenneth Windley | v. | Respondent (authorized person having custody of petitioner) William Lee |
| The Attorney General of the State of | | |

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____

   380 Jay Street Brooklyn New York 11201

   (b) Criminal docket or case number (if you know): _____

2. (a) Date of the judgment of conviction (if you know): March 1 2007

   (b) Date of sentencing: March 21 2007

3. Length of sentence: 20 To Life

4. In this case, were you convicted on more than one count or of more than one crime?  Yes ☐  No ☑

5. Identify all crimes of which you were convicted and sentenced in this case: _____

   Robbery in 2nd degree PL 160.10 (1)

6. (a) What was your plea? (Check one)

   (1)  Not guilty ☑            (3)  Nolo contendere (no contest) ☐

   (2)  Guilty ☐               (4)  Insanity plea ☐

   (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? _____

(c) If you went to trial, what kind of trial did you have? (Check one)

Jury ☑        Judge only ☐

7. Did you testify at either a pretrial hearing, trial or a post-trial hearing?

Yes ☑  No ☐

8. Did you appeal from the judgment of conviction?

Yes ☑  No ☐

9. If you did appeal, answer the following:

(a) Name of court: Appellate Division Second Department

(b) Docket or case number (if you know): _____

(c) Result: Affirmed

(d) Date of result (if you know): February 23 2010

(e) Citation to the case (if you know): 70 Ad. 3d 1060 - 896 NYS 2d 376

(f) Grounds raised: 1) Right to confront witnesses
2) The Court's Untimely Reversal of its Sandoval ruling denied defendant right to an effective Summation
3) Ineffective assistance of Trial Counsel

(g) Did you seek further review by a higher state court?  Yes ☑  No ☐

If yes, answer the following:

(1) Name of court: New York Court of Appeals

(2) Docket or case number (if you know): _____

(3) Result: Leave Denied

(4) Date of result (if you know): November 3 2010

(5) Citation to the case (if you know): 15 NY 3d 925, 913 NYS 2d 652

(6) Grounds raised: 1) Right to confront witnesses 2) The court's Untimely Reversal of its sandoval ruling denied defendant an effective Summation 3) Ineffective of assistance of Trial Counsel

(h) Did you file a petition for certiorari in the United States Supreme Court?        Yes ☐  No ☑

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____ N/A

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

    Yes ☐  No ☑

11. If your answer to Question 10 was "Yes," give the following information:

  (a)  (1) Name of court: _____

      (2) Docket or case number (if you know): _____

      (3) Date of filing (if you know): _____

      (4) Nature of the proceeding: _____

      (5) Grounds raised: _____ N/A

_____

_____

_____

_____

_____

_____

_____

_____

      (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

          Yes ☐  No ☐

      (7) Result: _____

      (8) Date of result (if you know): _____

  (b) If you filed any second petition, application, or motion, give the same information:

      (1) Name of court: _____

      (2) Docket or case number (if you know): _____

      (3) Date of filing (if you know): _____

      (4) Nature of the proceeding: _____ N/A

      (5) Grounds raised: _____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ☐   No ☑

(7) Result: _____

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____ N/A _____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

Yes ☐   No ☑   N/A

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having *jurisdiction* over the action taken on your petition, application, or motion?

(1)  First petition:        Yes ☐   No ☐        N/A

(2)  Second petition:    Yes ☐   No ☐

(3)  Third petition:       Yes ☐   No ☐

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not: _____

_____

_____

_____

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

GROUND ONE: The Right to confront witnesses

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

See Attached Exhibit A

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☑   No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☐   No ☑

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available): _____ N/A _____

_____

(3) Did you receive a hearing on your motion or petition?

    Yes ☐  No ☐

(4) Did you appeal from the denial of your motion or petition?

    Yes ☐  No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☐  No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____ N/A

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____ N/A _____

_____

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: _____ N/A

_____

**GROUND TWO:** The Court's untimely Reversal of its Sandoval ruling denied defendant right to an effective summation

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

_____ See attached Exhibit A _____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Two, explain why: _____

_____

_____

_____

(c)  **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

       Yes ☑    No ☐

    (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

    _____

    _____

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

       Yes ☐    No ☑

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition: _____

    Name and location of the court where the motion or petition was filed: _____

    _____

    Docket or case number (if you know): _____ N/A

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    _____

    _____

    (3) Did you receive a hearing on your motion or petition?

       Yes ☐    No ☐

    (4) Did you appeal from the denial of your motion or petition?                    N/A

       Yes ☐    No ☐

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

       Yes ☐    No ☐

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed: _____

    _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available): _____

    _____

    _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

N/A

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: _____

GROUND THREE: Ineffective assistance of Trial Counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

See Attached Exhibit A

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☑  No ☑

(2) If you did **not** raise this issue in your direct appeal, explain why: _____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☐  No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?

    Yes ☐  No ☐

(4) Did you appeal from the denial of your motion or petition?

    Yes ☐  No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

    Yes ☐  No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

_____

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐   No ☐

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: _____

_____

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

Yes ☐   No ☐

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?

Yes ☐   No ☐

(4) Did you appeal from the denial of your motion or petition?

Yes ☐   No ☐

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐   No ☐

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

Page 12

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?          Yes ☑   No ☐

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? Yes ☐   No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinions or orders, if available.

N/A

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?      Yes ☐   No ☑

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

N/A

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Lawrence Wright
32 Court Street Brooklyn New York 11201

(b) At arraignment and plea: Lawrence Wright
32 Court Street Brooklyn New York 11201

(c) At trial: Lawrence Wright
32 Court Street Brooklyn New York 11201

(d) At sentencing: Lawrence Wright
32 Court Street Brooklyn New York 11201

(e) On appeal: Kenneth Jones
32 Court Street Brooklyn New York 11201

(f) In any post-conviction proceeding: _____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      Yes ☐   No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

_____

(b) Give the date the other sentence was imposed: _____

(c) Give the length of the other sentence: _____

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☑

Page 14

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Page 15

Therefore, petitioner asks that the Court grant the following relief: _____

_____

_____

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on Feb  1  2012

_____ (month, date, year).

Executed (signed) on Feb 1 2012 _____ (date).

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition. _____

_____

_____

# Exhibit A

The Court's ruling on the prior inconsistent statement of the Assistant Manager denied defendant the right to confront witnesses against him

AT trial, John Vernet testified he did not recall exactly who handed him the money order. He further testified that he did not recall who explained to him why the money order was made out for $542.77. He did recall that there were two other individuals who accompanied defendant to the sales counter that day. In his offer of proof, Defense counsel informed the court that during Vernet's interview with Mr. Hinkson, Vernet confirmed that defendant was with two other men on the date in question. Vernet stated that one of those men, not defendant answered Vernet's question regarding the amount of money that the money order was made out for. Vernet stated that the man who handed him the money order had a problem with one of his eyes. Further defense counsel indicated, that during the interview, Vernet stated that the same man who had the money order in his possession was the one who presented it for payment to Vernet for the stove that had been selected; since defendant was purchasing the stove, Vernet wanted defendant's identification for the purchase. Counsel Wright maintained, during his offer of proof that the statement made to Hinkson was incon-

sistent with Vernet's testimony on the stand because the statement made to Hinkson was unambiguous in that defendant did not possess the money order at the point of purchase, nor did he provide the explanation for the amount of money that it was made out for. Whereas at trial, Vernet testified that he did not recall these details. These details are pertinent, relevant and material because they show that defendant did not exercise dominion and control over the money order; that he merely provided his identification so that the money order could be cashed and the merchandise shipped to the address on his identification.

Judge Heffernan argued that because Vernet testified "he did not recall" Mr Hinkson testimony would not impeach him with a prior inconsistent statement. Defense counsel responded that it actually was an inconsistent statement because at the time Vernet was interviewed by Mr Hinkson, Vernet recalled the details of the of the transaction and the day in question. The judge ruled that since Vernet hadn't taken a position on the stand, Hinkson testimony of Vernet prior statement would show no inconsistency; therefore, he did not allow the defense to call investigator Hinkson to the stand

The Representation provided defendant did not meet the standard of meaningful representation as it is applied to an assertion of Ineffective assistance of counsel

Defense Counsel's Personal belief
It was improper for defense counsel to give his personal views and impressions concerning the case that were not related to any evidence, leading the jury to believe that defense counsel had information not presented at trial which made his case more plausible. Inflaming the jury was defense counsel's tactic to divert the jury from considering the issues and to gain a not guilty verdict based on the jury's disdain for the prosecutor rather than on the evidence introduced at trial. Instead, the judge admonished defense counsel before the jury, leaving them with the impression that defense counsel was not truthful and was attempting to mislead them, which prejudiced them against the defendant by causing them to wonder exactly what defense counsel was trying to hide.

Attacking Opposing Counsel
There is no justification for attacking the credibility of opposing counsel. Accordingly, it is improper conduct for defense counsel for the accused to assert or refer to facts and circumstances in the closing argument as being in the case where they are not reasonably shown by the evidence, or to comment on or draw inferences from such

facts. This is particularly true when, as here is the case, such behavior prejudice the defendant by having closing argument interrupted by the judge, and the judge then addressing the jury as to the appropriateness of defense counsel's comments during summation

Mischaracterization of Defendant's criminal History
Furthermore, in mischaracterizing the defendan's criminal record by using ambiguous language when arguing that the jury should not hold defendant's criminal record against him Defense counsel clearly made another calculated decision to gain the jurors sympathy not guilty vote, rather than have them vote not guilty based on the evidence. By using the term "A conviction" over, and over again he sought to minimize defendant's criminal history while at the same time implying that the history was a reason defendant was being charged with the indicted crimes in the first instance This ploy backfired on him because his use of "a conviction during summation opened the door to the judge's instruction about the defendant's prior convictions Defense counsel's ploy actually introduced damaging information against his own client

Defense Counsel's Failure to object
Accordingly, defense counsel's arguments (I) based on his own beliefs (II) his unwarranted attacks on opposing counsel (III) his mischaracterization of defendant's

criminal record violating the Sandoval ruling (IV) and his failure to object to the judge's ruling on the ground that it violated defendant's sixth amendment rights combine to create egregious error. Defense counsel did not provide "meaningful representation" and his assistance was therefore ineffective.

The Court's Untimely Reversal of its Sandoval ruling denied defendant right to an effective Summation

During summation, defense counsel pointed to that part of defendant's testimony wherein he admitted that in August of 2000 he was convicted of a non-violent felony. Counsel states "it would be better and certainly would make my job a little easier if Mr Windley didn't have that conviction" He goes on to state, "Because Mr Windley has a conviction does not mean he is incapable of telling the truth" He continues, "the judge will tell you that you may consider Mr Windley's conviction... that that conviction bears upon his "truthfulness" Wright asks the jury to "disregard (Windley's) conviction" He concludes the topic by stating" the fact that Mr Windley has a conviction does not mean that he's predisposed to commit crimes / ask you, again ladies and gentlemen, not to let your judgement or your evaluation be clouded by the fact that he does have a prior conviction.

At the close of defense counsel's summation, the judge excused the jury because there were two groups of comments made during the defense summation which he believed called into question the integrity of the trial 1) On four occasions during the defense summation, Mr Wright said that the district attorney's office had told Gerald Ross what to say and (2) when the trial began

on February 21th a Sandoval motion was made and there were three subjects of that motion One was an attempted robbery conviction on December 2, 1988; a second was an criminal possession of a weapon conviction on June 22 1992; and the third was the attempted criminal possession of a controlled substance conviction on August 24, 2000. The judge believed defense counsel violated his Sandoval ruling by making the comments in the previous paragraph

Judge Heffernan reasoned "I did not follow that body of law, Appellate law, which authorizes a court to permit inquiry into a crime identical to that on trial. I declined to follow that as a matter of discretion and visceral fairness because I was concerned that the jury hearing that might opt for a propensity determination. I struck that conviction and I struck the criminal possession of a weapon conviction on that ground mostly because of remoteness. When I made that ruling, I said the following almost verbatim However, this is not a license to lie or to mislead the jury

"And I also said that if the defendant, on his direct examination, or his lawyer, at any point in the trial, including summation, either says or infers, implies that the defendant's record is anything other than it actually is, the defendant or Counsel will do so at the price of being unmasked Mr Wright you did that You said I'm stuck with the one conviction. The one nonviolent conviction You said that more than once. As it happens, he has three

convictions, two of which are violent felonies, I'll hear the parties as to what, if anything should be done."

Defense counsel responded, "My comment was 'a' conviction "A" conviction. Thats in the record. That was the testimony, that is the evidence, and I do not believe that a comment about a witness testimony in anyway circumvents and opens the door to the court's - circumvents the court's Sandoval ruling and opens the door such that the prosecution is now going to be permitted to comment on Mr Windley's having three other criminal convictions, and whatever else the court may have in mind Judge, I think that's entirely improper"

Ultimately, the judge read the jury the following stipulation that was agreed upon by the prosecution and defense: "During the recess the parties have come to an agreement regarding counsel comments during summation as it relates to the defendant prior criminal record Defense counsel was factually incorrect when he stated that the defendant had a single non-violent conviction. The defendant has three felony convictions - one in 1999, one in 1992 and one in 2000" Immediately thereafter, at 12:28 pm he adjourned the jury for their luncheon break until reconvening at 2:00 pm

In the case at bar the trial judge acting sua sponte, limited and censured defense counsel when he was legitimately commenting on matters of evidence.