FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAY 23 2013 ★

BROOKLYN OFFICE

Kenneth Windley 07A1876
Green Haven Corr. Facility
Post Office Box 4000
Stormville, New York 12582

May 20, 2013

Honorable Roslynn R. Mauskopf
UNITED STATES DISTRICT COURT
Eastern District Court
225 Cadman Plaza East
Courtroom 6A (South Wing)
Brooklyn, NY 11201

**RE: Stay in Abeyance To Perfect A CPL 440.10 Motion to vacate the judgment And A Writ Error Coram Nobis.**

Honorable Mauskopf:

Please accept this letter as a formal request for a stay and abeyance of the above referenced matter. My family is in the process of obtaining a private investigator and handwriting expert, which both are essential in proving my innocence. Therefore, I am requesting a 180 day stay so I can file two state motion to fully exhaust my state remedies. One of the state motions I will be submitting a motion pursuant to CPL 440.10(1)(h), to vacate judgment, in regards to my trial counsel's ineffectiveness. The other is a Writ of Error Coram Nobis on the grounds of ineffective assistance of Appellate Counsel for failure to raise ineffective assistance of trial counsel. There are several issue involving both motions. This is my first request. The issues in both motions have merit. My AEDPA time expired on February 10, 2012. My habeas petition was timely submitted and deemed filed with this court on February 10, 2012.

As the Second Circuit recognized in Zarvela v. Artuz, 254 F.3d 374, 378 (2d Cir. 2001), cert denied, 534 U.S. 1015 (2001), the procedural complexities confronting a habeas petitioner proceeding under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are considerable. In cases such as this, where I seek to pursue additional unexhausted claims in state court, as well as cases where the court is presented with a "mixed petition" containing both exhausted and unexhausted claims. The district court must consider both the timeliness of any subsequent petition and the impact of the AEDPA's limitations on second or successive petitions in determining whether a stay is proper.

The Second Circuit ruled in Zarvela that the district court

1

may dismiss a mixed petition without prejudice or retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies; however if dismissal would "jeopardize the timeliness of a collateral attack" the district court should stay the petition. Zarvela, 254 F.3d at 380. The Second Circuit went on to state that any stay must be "appropriately conditioned," so that a petitioner is not permitted "to take an undue amount of time to pursue state court remedies." Id.

The United States Supreme Court has since approved the stay and abeyance procedure, but with limitation See Rhines v. Weber, 544 U.S. 269 (2005). Specifically, the Supreme Court stated that stays should only be granted if the petitioner can show "good cause" for failing to exhaust all available state court remedies earlier and can also show that his unexhausted claims are not "plainly meritless." The Rhines Court stated that:

> Stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

Rhines, 544 U.S. at 277. The Rhines court also stated that if a petitioner "engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." Rhines, 544 U.S. at 278.

Here, I presented a defense of misidentification, and actual innocence. I did not commit a robbery, nor possess or have control and dominion of a money order taken in a robbery. The identification implicating me in this robbery is uncertain. The evidence proves that I never possessed the money at anytime. Therefore, the People failed to disprove beyond a reasonable doubt that I participated in a robbery and possessed the money order.

I also requesting this stay and abeyance to assist my claim of actual innocence. I have recently discovered the names of the actual perpetrators Darryl Williams and LeRoy Jones who committed the robbery in this case. Therefore, my family is in the process of hiring a private investigator to search, locate, and interview witnesses and perpetrators in an attempt to retrieve an affidavit from them proving my innocence.

I have colorable claims to submit a CPL § 440.10 based on my trial counsel ineffectiveness for: (1) failing to timely file an alibi notice, investigate and contact Carmen Gonzalez where she

2

would have verified petitioner's whereabouts during the time of the crime; (2) making a false opening address in stating that petitioner signed the money order, when at the Grand Jury petitioner testified he never signed or possessed money order;(3) failing to object to the Courts charging of the jury with a Galbo charge, based on the evidence showing that petitioner never possessed the money order;(4) failing to secure handwriting expert to prove that someone, not petitioner, signed money order; (5) failing to seek an adjournment to secure Carmen Gonzalez, which would have assisted petitioner in his misidentification defense; (6) failing to request a mistrial or dismissal based on the complaint's inability to identify the petitioner; (7) failing to secure, Javier, the person who called 911 in regards to the robbery, to testify to the description given of the perpetrators, since the complaint was unable to describe or make an in court identification of petitioner without the assistance of the prosecutor and court.

My request to submit a Writ of Error Coram Nobis, is based on my Appellate Counsel's failing to raise ineffectiveness of my trial counsel for failing to object to the court's inadequate inquiry into the sleeping juror.

The New York Court of Appeals denied my leave application on November 3, 2010. No other state post-conviction motions were filed in state court. Thus, my AEDPA time started to run on February 3, 2010, 90 days after time to seek review by the US Supreme Court has expired. My habeas petition was timely submitted and deemed filed with this court on February 10, 2012.

Therefore, I am requesting a 180 day stay, until November 7, 2013, because the law clerk that assisted me in perfecting my habeas corpus petition, and this stay and abeyance letter will not be assisting me any further. Depending on a law clerks case load, it may take approximately 30 days for the law library supervisor to assign an inmate law clerk to assist me. The necessary transcripts must be read, legal research conducted, both post conviction motions, CPL 440.10 and Error Coram Nobis, drafted and filed. When a decision is rendered on both post conviction motions I would like to amend them with my habeas petition.

Very Truly Yours,

Kenneth Windley

Kenneth Windley