UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KENNETH WINDLEY,

        Petitioner,

  - against -

WILLIAM LEE,

        Respondent.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
12-CV-0791 (RRM)

ROSLYNN R. MAUSKOPF, United States District Judge.

    Petitioner *pro se* Kenneth Windley brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his March 1, 2007, conviction for robbery in the second degree in New York State Supreme Court, Kings County. (Doc. No. 1.) Also before the Court is petitioner's motion seeking leave to conduct discovery pursuant to Rule 6(a) of the Rules Governing Section 2254 Cases. (Doc. No. 11.) Finally, on May 23, 2013, petitioner requested a stay and abeyance in order to pursue additional claims in state court. (*See* Doc. No. 14.) For the reasons that follow, the request for a stay and abeyance, the motion for leave to conduct discovery, and the petition for a writ of habeas corpus are DENIED.

## PROCEDURAL HISTORY

    Petitioner was convicted of robbery in the second degree for forcibly stealing two money orders and cash from an elderly man. (Resp't's Resp. to Order to Show Cause, Ex. A (Doc. No. 8-1) at 799-801.)[1] Petitioner was apprehended after using the money order to make a purchase and subsequently charged with one count each of robbery in the second degree, robbery in the third degree, grand larceny in the fourth degree, and petit larceny. (*Id.* at 576-80; Resp't's Resp.

---

[1] For convenience, references to the transcript of proceedings, appended to Respondent's Response to Order to Show Cause as Exhibit A (Doc. No. 8-1), are cited as "R.___."

to Order to Show Cause, Ex. F (Doc. No. 8-3) at 2.) On March 1, 2007, petitioner was convicted of robbery in the second degree pursuant to N.Y. Penal L. § 160.10(1). (Pet. at 1.) On March 21, 2007, the court adjudicated petitioner a persistent felony offender and sentenced him to an indeterminate term of twenty years to life in prison. (*Id.*) The New York State Supreme Court, Appellate Division, affirmed petitioner's conviction and sentence on February 23, 2010. *People v. Windley*, 896 N.Y.S.2d 376 (N.Y. App. Div. 2010). The New York Court of Appeals denied leave to appeal on November 3, 2010. *People v. Windley*, 913 N.Y.S.2d 652 (N.Y. 2010).

## STANDARD OF REVIEW

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), federal courts may grant a petition for habeas corpus to a state prisoner on a claim "adjudicated on the merits" in state court only where the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Conversely, claims that have not been adjudicated on the merits are subject to *de novo* review. *Washington v. Schriver,* 255 F.3d 45, 55 (2d Cir. 2001). A state court's factual findings are presumed to be correct and may be overturned only if a petitioner offers "clear and convincing evidence" that the findings were in error. 28 U.S.C. § 2254(e)(1).

A state court adjudicates a petitioner's federal constitutional claims "on the merits" when "it (1) disposes of the claim 'on the merits,' and (2) reduces its disposition to judgment." *Sellan v. Kuhlman,* 261 F.3d 303, 312 (2d Cir. 2001). The "state court need not mention the argument raised or cite relevant case law in order for its ruling to constitute an 'adjudication on the

merits.'" *Brown v. Artuz,* 283 F.3d 492, 498 (2d Cir. 2002) (citing *Aparicio v. Artuz*, 269 F.3d 78, 94 (2d Cir. 2001)). For instance, a state court ruling simply that a claim is "without merit" constitutes an adjudication on the merits of that claim. *See Jimenez v. Walker*, 458 F.3d 130, 146 (2d Cir. 2006) (citing *Fama v. Comm'r of Corr. Services*, 235 F.3d 804, 810-11 (2d Cir. 2000)). Moreover, "[w]hen a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits . . . ." *Johnson v. Williams*, 568 U.S. ___ (2013), slip op. at 10; *cf. Castaldi v. Poole*, No. 07-CV-1420 (RRM), 2013 WL 789986, at *3 (E.D.N.Y. Mar. 1, 2013). "[W]hen a state court fails to articulate the rationale underlying its rejection of a petitioner's claim, and when that rejection is on the merits, the federal court will focus its review on whether the state court's ultimate decision was an 'unreasonable application' of clearly established Supreme Court precedent." *Sellan*, 261 F.3d at 311-12.

Additionally, a federal court may review a petition for a writ of habeas corpus only to the extent that a petitioner has "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *see also Caballero v. Keane,* 42 F.3d 738, 740 (2d Cir. 1994). Exhaustion "mandates a habeas petitioner to have 'fairly presented' in state court the claims that are raised in the habeas petition." *Bohan v. Kuhlmann*, 234 F.Supp.2d 231, 243 (S.D.N.Y. 2002), *aff'd*, 66 F. App'x 277 (2d Cir. 2003), *cert. denied*, 540 U.S. 1213 (2004) (quoting *Picard v. Connor,* 404 U.S. 270, 275 (1971)). This means that each legal and factual allegation underlying a claim must first have been fairly presented to a state court. *See Rodriguez v. Hoke*, 928 F.2d 534, 538 (2d Cir. 1991).

Finally, the Court is mindful of its obligation to "construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009) (citations omitted). In other words, the Court

holds *pro se* pleadings to a less exacting standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Boykin v. KeyCorp*, 521 F.3d 202, 213-14 (2d Cir. 2008). Since *pro se* litigants "are entitled to a liberal construction of their pleadings," the Court reads *pro se* pleadings to "raise the strongest arguments that they suggest." *Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (internal citations omitted). However, the Court "need not argue a *pro se* litigant's case nor create a case for the *pro se* which does not exist." *Molina v. New York,* 956 F.Supp. 257, 259 (E.D.N.Y. 1995).

## DISCUSSION

Petitioner claims that he was denied a fair trial as a result of two allegedly erroneous trial court rulings and deprived his right to the effective assistance of counsel under the Sixth Amendment. Respondent urges that these arguments are unpreserved, unexhausted, or otherwise meritless. Initially, however, the Court addresses petitioner's request for a stay and abeyance and the pending motion for leave to conduct discovery pursuant to Rule 6(a) of the Rules Governing Section 2254 Cases. *See* 28 U.S.C. fol. § 2254.

**I.  Request for Stay and Abeyance**

Petitioner has requested that the Court issue a "180 day stay" and holding this case in abeyance to allow petitioner to pursue new claims of ineffectiveness of trial counsel, ineffectiveness of appellate counsel, and actual innocence. (*See* Doc. No. 14.) Respondent opposes this request, arguing that petitioner has not provided any explanation for failing to raise these issues previously and pointing out that petitioner has, in fact, already raised ineffectiveness of trial counsel in this petition. (*See* Doc. No. 16.) This Court has discretion to order a stay and abeyance. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). However, a "stay and abeyance should be available only in limited circumstances." *Id.* at 277. Such an order is "only

4

appropriate when . . . there was good cause for the petitioner's failure to exhaust his claims first in state court" and any "unexhausted claims" are not "plainly meritless." *Id.* Petitioner has not provided any explanation – let alone good cause – for his failure to exhaust the proposed claims during prior state court proceedings. Moreover, the instant petition already includes a claim for ineffectiveness of trial counsel, which this Court finds to be meritless. Accordingly, petitioner's request for a stay and abeyance is DENIED.[2]

## II. Rule 6(a) Motion for Leave to Conduct Discovery

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley,* 520 U.S. 899, 904 (1997); *Stantini v. United States*, 268 F.Supp.2d 168, 174 (E.D.N.Y. 2003). Moreover, while the Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings in the United States district courts," Fed. R. Civ. P. 1, Rule 81 applies the rules to § 2254 proceedings only "to the extent that the practice in those proceedings . . . is not specified in a federal statute, the Rules Governing Section 2254 Cases . . . and . . . has previously conformed to the practice in civil actions." Fed. R. Civ. P. 81(a)(4). Pursuant to the Rule 6(a) of the Rules Governing Section 2254 Cases, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."[3] 28 U.S.C. fol. § 2254. *See Bracy*, 520 U.S. at 908-09. A petitioner can show "good cause" by offering "specific

---

[2] The Court notes that any prejudice to petitioner is mitigated by the fact that claims possibly arising from a private investigation might be permitted on a second and successive petition if they meet the requirements of 28 U.S.C. § 2244(b)(2). Moreover, as the Supreme Court recently held in *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013), "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief," *id.* at 1931, provided the "petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

[3] Rule 6(b) provides that "[a] party requesting such discovery must provide reasons for the request . . . and must specify any requested documents." It is clear that petitioner has complied with Rule 6(b) in this case. (*See* Doc. Nos. 11-13.)

allegations before the court [that] show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Id.* (citing *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). Under those circumstances, "it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry," *id.*, and a federal court "may use or authorize the use of suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require.'" *Harris*, 394 U.S. at 290.

Petitioner seeks leave to obtain a report previously prepared for his trial counsel by an investigator.[4] Petitioner urges that he has "been seeking this report for over 7 years now" and argues that the report would substantiate the argument, originally made at trial, that a prosecution witness's prior statement was inconsistent and therefore admissible as impeachment. (Pet'r's Affm. in Supp. of Mot. for Leave to Conduct Discovery, (Doc. No. 12) ¶¶ 6, 10.) Ostensibly, this report would show that the witness who accepted the stolen money order told the investigator before trial that a person other than petitioner had actually handed him the money order. (*See* R. at 588-91.) At trial, the witness stated that he "could not recall" who actually gave him the stolen money order and explained its amount. (*Id.* at 577-78.) The trial judge ruled that the witness's lack of recollection was not inconsistent with his prior statement because the witness essentially "took no position" on the point. (*Id.* at 589-90.)

Although petitioner argues that the report is essential, a "subjective belief" in the significance of evidence is not sufficient to establish "good cause" justifying discovery. *Cf. Quinones v. Miller*, No. 01-CV-10752 (WHP), 2005 WL 730171, at *6 n.6 (S.D.N.Y. Mar. 31, 2005), *aff'd*, 224 F. App'x 44 (2d Cir. 2007). Instead, the Court asks whether petitioner has

---

[4] Petitioner's trial counsel has indicated that he is unable to locate petitioner's file and therefore unable to furnish the report. (Pet'r's Affm. in Supp. of Mot. for Leave to Conduct Discovery (Doc. No. 12) ¶¶ 8-9.)

6

alleged specific facts that, if produced and fully developed, would demonstrate that petitioner is entitled to relief. *See Bracy*, 520 U.S. at 908-09. Petitioner has failed to make this showing. Even if petitioner did obtain the report, it would shed no new light on petitioner's case.[5] Because petitioner's quarrel concerns the legal significance of that statement, not *what* allegedly was said, additional discovery is not required to ensure a full consideration of petitioner's entitlement to relief. As such, petitioner has failed to show good cause and the motion for leave to conduct discovery is denied.

### III. Procedural Bar and Exhaustion

Generally, federal habeas review is not available for a federal claim if the state courts' decisions rested on a state law ground independent of the federal issue that is adequate to support the state courts' decision. *See Coleman v. Thompson,* 501 U.S. 722, 729 (1991); *Fox Film Corp. v. Muller,* 296 U.S. 207, 210 (1935). "[I]n the habeas context," however, "a procedural default, that is, a critical failure to comply with state procedural law, is not a jurisdictional matter." *Trest v. Cain*, 522 U.S. 87, 89 (1997); *see also Zarvela v. Artuz*, 364 F.3d 415, 417 (2d Cir. 2004). Moreover, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2); *Rhines v. Weber*, 544 U.S. 269, 277 (2005) (observing that a "district court would abuse its discretion if it were to grant [a petitioner] a stay when his unexhausted claims are plainly meritless").

Because the Court finds that all of petitioner's claimed grounds for relief lack merit, it need not consider whether each individual claim is unexhausted or procedurally barred. *Accord*

---

[5] Petitioner incorrectly urges that his "innocence hinges on whether he actually possessed, or partook in a transaction of [the] stolen money order." (Pet'r's Affm. in Supp. of Mot. for Leave to Conduct Discovery ¶ 11.) Petitioner was convicted of robbery in the second degree. *See Windley*, 896 N.Y.S.2d at 377. New York law does not require proof of a subsequent transaction to sustain a conviction for robbery. *See* N.Y. Penal Law § 160.10 (McKinney 2012).

7

*Zarvela*, 364 F.3d at 417; *Lopez v. Lee*, No. 11-CV-2706 (JG), 2011 WL 6068119, at *11 (E.D.N.Y. Dec. 7, 2011). Accordingly, the Court addresses each of petitioner's arguments on the merits below.

**IV.    Confrontation Clause**

First, petitioner claims that habeas should be granted because he was not permitted to impeach a witness for the prosecution with an allegedly inconsistent statement. To the extent that petitioner challenges the actual evidentiary ruling made by the trial judge, his claim must fail. Federal habeas review is available only for rights guaranteed by the federal Constitution. *See Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States."). Habeas relief is not warranted for erroneous applications of state evidence law, *see id.* at 72, and "[e]rroneous evidentiary rulings rarely rise to the level" of a Due Process violation. *Washington*, 255 F.3d at 56 (quoting *Agard v. Portuondo,* 117 F.3d 696, 705 (2d Cir. 1997), *rev'd on other grounds,* 529 U.S. 61 (2000)).

Petitioner, however, casts this claim as a violation of the Confrontation Clause of the Sixth Amendment, which provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . [and] to have compulsory process for obtaining witnesses in his favor." U.S. CONST. amend. VI. Petitioner's case falls within the category of Confrontation Clause cases "in which, although some cross-examination of a prosecution witness was allowed, the trial court did not permit defense counsel to 'expose to the jury the facts from which jurors, as the sole triers of fact and credibility, could appropriately

draw inferences relating to the reliability of the witness.'" *Delaware v. Fensterer*, 474 U.S. 15, 18-19 (1985) (quoting *Davis v. Alaska*, 415 U.S. 308, 318 (1974)). In particular, petitioner urges that he was prevented from cross-examining the prosecution's witness about a "crucial link" in the case and therefore that "[t]he court's ruling benefitted the prosecution, as it only allowed the jury to hear [] one sided [*sic*] testimony."[6] (Pet'r's Reply in Supp. of Pet. (Doc. No. 10) at 12.)

"The main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination." *Fensterer*, 474 U.S. at 19-20 (quoting *Davis*, 415 U.S. at 315-16) (internal quotations omitted). "[I]t does not follow," however, "that the right to cross-examine is denied by the State whenever the witness'[s] lapse of memory impedes one method of discrediting him." *Id.* at 19. The Sixth Amendment does not embrace a "guarantee that every witness called by the prosecution will refrain from giving testimony that is marred by forgetfulness, confusion, or evasion." *Id.* at 21-22. Such flaws are inherent in any human endeavor and, were they always to preclude reliance by the factfinder, would frustrate any prosecutorial effort.

Rather, as in many areas of the law, the question is one of degree; a court must determine whether a lapse of memory "so affected . . . [the] right to cross-examine as to make a critical difference in the application of the Confrontation Clause." *California v. Green*, 399 U.S. 149, 168-69 (1970). "Generally speaking, the Confrontation Clause guarantees an *opportunity* for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Fensterer*, 474 U.S. at 20 (emphasis in original). The constitutional mandate is satisfied where the defense is given a "full and fair opportunity to

---

[6] To the extent petitioner alleges he was precluded from offering evidence of a defense of misidentification, this claim falls under the Due Process Clause of the Fourteenth Amendment. The Court addresses that argument in Part V.

9

probe and expose [] infirmities through cross-examination, thereby calling to the attention of the factfinder the reasons for giving scant weight to the witness'[s] testimony." *Id.* at 22.

Here, the state courts did not unreasonably apply clearly established federal law in concluding that petitioner was not deprived of his rights under the Confrontation Clause. First, the trial court did not limit the cross-examination of the prosecution's witness; the trial judge merely declined to permit defense counsel to present extrinsic evidence of the witness's prior statement. (*See* R. 573-84). "[T]he assurances of reliability . . . found in the right of cross-examination are fully satisfied" where, "notwithstanding the witness'[s] inability to recall . . . the factfinder can observe the witness'[s] demeanor under cross-examination, and the witness is testifying under oath and in the presence of the accused." *Fensterer*, 474 U.S. at 20. Second, any error was harmless in light of the other evidence in the record. *Cf. Laboy v. Demskie*, 947 F. Supp. 733, 742 (S.D.N.Y. 1996), *aff'd*, 141 F.3d 1151 (2d Cir. 1998) ("While the prior statements themselves may have had some additional impeaching effect, it would not have created a reasonable doubt that did not otherwise exist . . . ."). Petitioner's identity was established by other evidence as petitioner was identified by the victim in a line-up. (*See* R. 10-16.) Also, as respondent points out, whether petitioner actually handed over the money order and explained its amount was inconsequential since (a) petitioner's name appeared on the money order and (b) petitioner provided his own address for the delivery of the purchased items. Accordingly, this claim does not present a basis on which to grant habeas relief.

## V. Reversal of *Sandoval* Ruling

Second, petitioner claims he was prejudiced by the trial court's "untimely reversal" of its ruling on the admissibility of his prior convictions. (Pet. at 2.) Following the defense summation in petitioner's trial, the trial judge granted a brief recess to address what he believed

to be "two groups of comments made during the defense summation which call[ed] into question the integrity of th[e] trial." (R. 693.) One "group" referred to comments that the judge believed implied that petitioner had fewer convictions than he actually did. (*Id.* at 701-02.) At a hearing on February 21, 2007, the trial judge had prohibited the prosecution from introducing two of petitioner's three prior convictions.[7] (*See* Resp't's Resp. to Order to Show Cause, Ex. F (Doc. No. 8-3) at 7.) However, the judge had also warned defense counsel that taking unfair advantage of the ruling would result in its reversal.[8] (*Id.* at 7-8.) Believing that defense counsel's repeated reference to a single conviction ran afoul of this caution, the judge instructed the parties to negotiate a stipulation concerning petitioner's criminal record. (R. 709-15). This stipulation was then read to the jury.[9] (*Id.* at 716-17.) Petitioner claims that the trial judge's actions "denied [him] the right to an effective summation" and that he was "severely prejudiced." (Pet'r's Reply in Supp. of Pet. at 17, 22.)

Under New York law, a defendant may request a pretrial hearing to determine whether prior criminal convictions may be used to impeach his credibility should he testify. *See People v. Sandoval,* 314 N.E.2d 413 (N.Y. 1971). However, "the mere admission of prior bad acts by the trial court . . . is not, without more, sufficient to establish a constitutional violation that

---

[7] The excluded convictions were for robbery and attempted criminal possession of a weapon. (Resp't's Resp. to Order to Show Cause, Ex. F (Doc. No. 8-3) at 3.)

[8] Specifically, the court advised:

> The defendant should listen carefully to what I am about to say. The defendant's gotten the benefit of this ruling. That is not a license to lie or to mislead the jury. Therefore, if at any point on the direct testimony the defendant, or at any other point during the trial counsel should say or suggest to this jury that the defendant's record is anything other than what it actually is, I will reverse this ruling and let the People ask about the two matters that I barred them from, that includes even summation. Is either counsel uncertain as to the scope of the ruling?

(Resp't's Resp. to Order to Show Cause, Ex. F at 7-8.)

[9] In pertinent part, the stipulation read as follows: "During the recess, the parties have come to an agreement regarding counsel's comments during summation as it relates to the defendant's prior criminal record. Counsel was factually incorrect when he stated that the defendant had a single nonviolent conviction. The defendant has three felony convictions – one in 1988, one in 1992, and one in 2000." (R. 716-17.)

11

demands issuance of the writ." *Schicchi v. Ercole,* 2007 WL 837109, at *7 (E.D.N.Y. March 18, 2007); *see also Perez v. Miller*, No. 05-CV-5575 (NG), 2009 WL 1044629, at *11-12 (E.D.N.Y. Apr. 20, 2009). "A claim based on an alleged *Sandoval* violation deals with an evidentiary question and presents an issue for habeas relief only if the petitioner establishes that the trial court committed error that constitutes a deprivation of a constitutionally recognized right." *Johnson v. Conway*, No. 08-CV-3302, 2010 WL 3942897, at *4 (E.D.N.Y. Oct. 6, 2010) (quoting *Taylor v. Poole*, No. 06-CV-0760 (MAT), 2010 WL 419968, at *9 (W.D.N.Y. Jan. 29, 2010) (citations omitted)). Thus, this claim also fails to state a basis for relief.

**VI. Due Process**

In recognition of petitioner's *pro se* status, the Court reads the petition to raise the strongest arguments it suggests. *See Green*, 260 F.3d at 83. Therefore, the Court also considers the due process implications of petitioner's allegations. "The right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the State's accusations" and "[t]he rights to confront and cross-examine witnesses and to call witnesses in one's own behalf have long been recognized as essential to due process." *Chambers v. Mississippi*, 410 U.S. 284, 294, 93 (1973). To the extent that petitioner's claims predicated on the above rulings are construed as alleging due process violations, however, those arguments also fail. *Cf. Dunnigan v. Keane*, 137 F.3d 117, 125 (2d Cir. 1998).

Not every error justifies granting habeas. "Rather, the writ would issue *only* where petitioner can show that the error deprived [him] of a *fundamentally fair* trial." *Taylor v. Curry*, 708 F.2d 886, 891 (2d Cir. 1983) (citing *Chambers*, 410 U.S. at 302-03) (emphasis in original); *Laboy*, 947 F. Supp. at 742 ("Constitutional error occurs only in the rare case when the trial court excludes material evidence that would have created a reasonable doubt that did not otherwise

exist."). Thus, to determine whether petitioner was afforded due process the Court asks whether an error "deprive[d] the defendant of fundamental fairness." *Rosario v. Kuhlman*, 839 F.2d 918, 924 (2d Cir. 1988).

Based on the facts in the record, the Court is not persuaded that the above errors – if they were errors at all – rise to a constitutional level. In light of the substantial evidence of petitioner's guilt, there is no indication that these purported errors removed any "reasonable doubt that may have existed on the record without it." *Dunnigan,* 137 F.3d at 125. Additionally, prejudice "can be cured with proper instructions," which were given in this instance, and "juries are presumed to follow their instructions." *Zafiro v. United States,* 506 U.S. 534, 540-41 (1993) (internal quotations omitted). Thus, even if the trial court improperly applied state evidentiary rules in this instance, those errors did not amount to a violation of due process because the evidence was not "so extremely unfair that its admission violates fundamental conceptions of justice." *Dunnigan*, 137 F.3d at 125 (quoting *Dowling v. United States,* 493 U.S. 342, 352 (1990)); *cf. Johnson*, 2010 WL 3942897, at *5-6. Therefore, petitioner's allegations do not state a basis for relief under the Due Process Clause.

## VII. Ineffective Assistance of Counsel

Finally, petitioner claims that his representation at trial deprived him of his constitutional right to the effective assistance of counsel under the Sixth Amendment.[10] *See Strickland,* 466 U.S. 668 (1984); *Gideon v. Wainwright*, 372 U.S. 335, 342 (1963). "It has long been recognized that the right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson,* 397 U.S. 759, 771 n.14 (1970) (citations omitted). In particular, petitioner asserts that his counsel was ineffective because counsel (1) offered statements of personal belief

---

[10] Petitioner does not allege that his appellate counsel was ineffective.

13

designed to undermine the prosecution; (2) attacked the credibility of opposing counsel; (3) mischaracterized the petitioner's criminal history; and (4) failed to object to the trial court's exclusion of an alleged prior inconsistent statement. (*See* Pet., Ex. A.)

Whether petitioner was deprived of the effective assistance of counsel is a mixed question of law and fact governed by the analysis in *Strickland*. In order to prove that his trial counsel was ineffective, petitioner must show (1) that counsel's performance at trial "fell below an objective standard of reasonableness" and (2) that the deficient performance caused him substantial prejudice. 466 U.S. at 688, 691. However, an attorney is presumed to have acted reasonably and where "counsel is prepared and familiar with the relevant facts and legal principles," a claim of ineffectiveness will usually fail. *United States v. DiPaolo,* 804 F.2d 225, 234 (2d Cir. 1986). In the habeas context, even if the Court were to find that petitioner satisfied the *Strickland* test, his petition can be granted only if the state courts' "decision that he did not receive ineffective assistance of counsel represents an 'unreasonable,' not simply incorrect or erroneous, application of federal law." *Cox v. Donnelly*, 387 F.3d 193, 200 (2d Cir. 2004) (citing *Williams,* 529 U.S. at 412).

The record here does not establish the ineffective assistance of trial counsel. Petitioner's lawyer was prepared and knowledgeable, effectively participated in pre-trial evidentiary hearings, and performed competently during trial. Assuming *arguendo* that petitioner's description of trial counsel's comments regarding the prosecutor is correct, he has failed to show that counsel's attempts to attack the prosecution's credibility prejudiced him and certainly has not demonstrated that the state courts' decisions on this point were unreasonable. Moreover, though trial counsel's arguable mischaracterization of the petitioner's criminal history resulted in the inadvertent introduction of petitioner's other prior convictions, petitioner himself

acknowledged that trial counsel was attempting to minimize petitioner's criminal history within the bounds of the court's *Sandoval* ruling. (*See* Pet., Ex A.) Petitioner has not shown that the state courts unreasonably determined that counsel's failure to thread this particular needle was not, in and of itself, ineffective assistance. Finally, the Court cannot say that the state courts acted unreasonably by finding that counsel's acceptance of the trial court's evidentiary ruling – a matter on which trial judges have wide discretion – was consistent with prevailing professional standards. In sum, though counsel may have committed strategic errors during trial the Court cannot conclude that the state courts unreasonably located petitioner's representation within "the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689-90.

## CONCLUSION

For the forgoing reasons, the motion for leave to conduct discovery (Doc. No. 11) and for a stay and abeyance (Doc. No. 14) are DENIED. The petition for a writ of habeas corpus (Doc. No. 1) is also DENIED. As petitioner has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253; *Soto v. United States,* 185 F.3d 48, 51 (2d Cir. 1999). Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be undertaken in good faith. *See Coppedge v. United States,* 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to terminate the petition, close this case, and transmit a copy of this Order and the accompanying judgment to petitioner *pro se* via U.S. Mail.

SO ORDERED.

Dated: Brooklyn, New York
August 16, 2013

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge